UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

ADRIAN FIGUEROA and
CLAUDIA GUILLEN,

CASE NO: 23-11346-E

    Appellants,

v.

UNITED STATES OF AMERICA,

    Appellee.
_____/

**CERTIFICATE OF INTERESTED PARTIES AND UNOPPOSED MOTION FOR LIMITED REMAND AFTER INDICATIVE ORDER BY THE DISTRICT COURT ON A MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL PURSUANT TO RULE 12.1, FRAP**

COME NOW, the Appellants, Adrian Figueroa and Claudia Guillen, by and through undersigned counsel and certify that the following persons and entities have or may have an interest in the outcome of this case:

1. Raul Belisario, Co-Defendant
2. Marissel Descalzo, Esq., Trial Counsel for Guillen & Figueroa
3. Honorable William P. Dimitrouleas, District Judge
4. Andrew S. Feldman, Esq., Trial Counsel for Guillen & Figueroa
5. Adrian Jose Velasquez Figueroa, Co-Defendant/Co-Appellant
6. Nicole Grosnoff, AUSA
7. Claudia Patricia Diaz Guillen, Co-Defendant/Co-Appellant
8. Michael Harper, USDOJ
9. Paul A. Hayden, USDOJ
10. Mitchell Hyman, USDO

1

11. JMalina Sombuntham, AUSA

12. Kurt K. Lunkenheimer, AUSA

13. Honorable William Matthewman, Magistrate Judge

14. Honorable Ryan M. McCabe, Magistrate Judge

15. Michael Nadler, Esq.

16. Joshua Paster, AUSA

17. John-Alex Romano, AUSA

18. Richard Rosenbaum, Esq., Appellate Counsel for Guillen & Figueroa

19. Lisa Tobin Rubio, AUSA

20. Jeremy R. Sanders, AUSA

21. Vanessa Sisti-Synder, USDOJ

22. Honorable Patricia A. White, Magistrate Judge

23. Counsel certifies that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

## UNOPPOSED MOTION FOR LIMITED REMAND AFTER INDICATIVE ORDER BY THE DISTRICT COURT ON A MOTION FOR RELIEF THAT IS BARRED BY A PENDING APPEAL PURSUANT TO RULE 12.1, FRAP.

COME NOW, the Appellants, Adrian Figueroa and Claudia Guillen, by and through their undersigned counsel, and respectfully request, under 12.1, FRAP, that this Honorable Court order a limited remand following the District Court's Indicative Order on a Motion for Relief that is Barred by Pending Appeal, and as grounds and in support thereof states as follows:

1. The Appellants, Adrian Figueroa and Claudia Guillen, were charged as follows:

    a) Adrian Figueroa – Conspiracy to Commit Money Laundering (Count II) and

Laundering of Monetary Instruments (Counts IX and X);

    b)    Claudia Guillen - Conspiracy to Commit Money Laundering (Count II) and Laundering of Monetary Instruments (Count X)

2. Pleas of not guilty were lodged on behalf of each Defendant[1].

3. The case proceeded to a trial by Jury.

4. On December 13, 2022, the Defendants were found guilty of conspiracy to commit money laundering and substantive money laundering Counts.

5. The District Court determined and sentenced the Defendants' under the Sentencing Guidelines at an Offense Level 38, Criminal History I, with zero criminal history points, for a range of 151-188 months.

6. The Defendants were each sentenced to 180 months.

7. Following the filing of Notices of Appeal in this case, the Court, *sua sponte*, issued an Order Requesting Reply to the Government as to whether the Defendants in this case may benefit from Part B of Amendment 821. (D 412; 413).

8. The Court asked the Government to show cause why the Court should not reduce each Defendant's sentence, effective February 1, 2024.

9. The Government filed it's Response, (DE 410, 411) contending that the Court lacked jurisdiction to enter an Order reducing sentence under 18 U.S.C. Section 3582 while the case was on appeal.

10. The Court requested a Reply from the Defendants, including any applicability of Rule 37, F.R.Crim.P. See, *United States v Green*, 2020 WL 5733200 (S.D. GA 2020). (DE 413).

11. On November 6, 2023, the Defendants filed a Joint Response. (DE 415).

12. On November 9, 2023, the Government filed it's Sur-Reply. (DE 420).

---

[1] The Defendants are legally married.

13. On November 16, 2023, the District Court issued an Indicative Order (DK 422) finding that a revised Sentencing Guidelines with a two level reduction for zero criminal history points would be scored at an Offense Level 32, Criminal History Category I, for a range of 121-151 months. A copy of the Indicative Order is attached hereto as Exhibit "A".

14. In it's Indicative Order, the Court specified:

> The Court indicates that should the appellate court relinquish jurisdiction, the Court would grant a reduction in sentence under Part B of Amendment 821 for
> Defendants                                    (DE 422-2)

15. Pursuant to Rule 12.1(b), FRAP[2]:

> (b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

Eleventh Circuit Rule 12.1-1(c) provides, in relevant part, that when a party files a motion in the district court that the court lacks authority to grant because an appeal is pending, "the district court may consider whether to grant or deny the motion without obtaining a remand from this court." 11th Cir. R. 12.1-1(c). Rule 12.1-1 further states that "[i]f the district court determines that the motion should be denied, the district court may deny the motion without a remand by this court." *Id.* 12.1-1(c)(1). But "[i]f the district court determines that the motion should be granted, the district court should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it." *Id.* 12.1-1(c)(2). Moreover, if the district court determines that the motion raises a substantial issue that warrants further consideration, it "should enter an order so stating" and "may without a remand conduct such further proceedings as are necessary to determine whether

---

[2] In the Committee Notes on Rules, 2019, the procedure formalized in Rule 12.1 "is helpful" when relief is sought from a reduced sentence motion under Title 18 U.S.C. Section 3581(c).

4

the motion should be granted or denied." *Id.* 12.1-1(d). *United States v. McKnight*, 2022 U.S. App. LEXIS 27551, *9-10 (11th Cir. 2023) [unpublished].

Good cause exists for this Court to order a limited remand to allow the District Court to follow through on the Indicative Order.

16. Undersigned counsel is still in the process of reviewing the 12 volumes of trial transcripts as well as the sentencing transcript. The volumes encompass 3367 pages. The Initial Brief and Appendix are presently due to be filed on or before December 18, 2023 and a Unopposed Motion for Extension of Time has been filed requesting an extension of time to February 19, 2024, in which to file their Initial Brief and Appendix.

17. It is in the interest of judicial economy that the appellate court remand and allow imposition of a new sentence, thus potentially obviating the need for a procedural or substantive sentencing unreasonableness argument on direct appeal.

18. Undersigned counsel has been in contact with AUSA John-Alex Romano, who has authorized counsel to advise the Court that the Government does not opposed this Motion for Limited Remand.

19. Good cause exists for this Court to grant the instant Motion.

WHEREFORE, based upon the foregoing, the Appellants, Adrian Figueroa and Claudia Guillen, respectfully request this Honorable Court enter an Order remanding after indicative ruling by the District Court on a Motion for Relief that is barred by an appeal.

## Certificate of Compliance with Type-Volume Limit

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 909 words.

I hereby certify that on **December 14th, 2023** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

LAW OFFICES OF RICHARD ROSENBAUM
Primary Email: Richard@RLRosenbaum.com
Secondary Email: Pleadings@RLRosenbaum.com

**S/RICHARD L. ROSENBAUM**
Richard L. Rosenbaum, Esq.
Fla. Bar No: 394688
315 SE 7th Street
Suite 300
Fort Lauderdale, FL 33301
Telephone (954) 522-7007
Facsimile (954) 522-7003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 18-80160-CR-DIMITROULEAS

Plaintiff,

vs.

ADRIAN JOSE VELASQUEZ FIGUEROA,
and CLAUDIA PATRICIA DIAZ GUILLEN,

Defendants,

_____/

## INDICATIVE ORDER

THIS CAUSE is before the Court *sua sponte* upon receipt of a list of possible eligible persons who may benefit from Part B of Amendment 821, the Court finds as follows:

1. On December 13, 2022 Defendants were found guilty of Conspiracy to Commit Money Laundering and Money Laundering.

2. Defendants' Sentencing Guidelines were scored at an Offense Level 34, Criminal History Category I, with zero criminal history points, for range of 151-188 months. Defendants were sentenced to 180 months.

3. A revised Sentencing Guidelines with a two level reduction for zero criminal history points would be scored at an Offense Level 32, Criminal History Category One, for a range of 121-151 months.

4. On October 4, 2023, this Court asked the Government to show cause within thirty (30) days of the order why the Court should not reduce Defendant's sentence, effective February 1, 2024 [DE-408]. On October 25, 2023, the Government filed its


"A"

responses [DE-410, 411], in which they contended that the Court lacks jurisdiction to enter an order reducing sentence under 18 U.S.C. § 3582, while the case is on appeal.

5. The Court requested a reply from the defendants, including any applicability of Rule 37, Fed R Cr. P. *See, U.S. v. Green*, 2020 WL 5733200 (S.D. Ga 2020). [DE-413].

6. On November 6, 2023, Defendants filed a Joint Response. [DE-415].

7. On November 9, 2023, the Government filed its Sur-reply [DE-420].

8. The Court indicates that should the appellate court relinquish jurisdiction, the Court would grant a reduction in sentence under Part B of Amendment 821 for both Defendants.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of November, 2023.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

Paul Hayden, DOJ